PUERTO RICO LABOR RELATIONS BOARD, ETC., Petitioner, *v.* U.S.M. PRECISION PRODUCTS, INC., Respondent.

No. O-71-168.  Decided September 28, 1971.

*Gilberto Gierbolini, Solicitor General, José E. Rodríguez Rosaly, Miguel A. Rivera Arroyo* for petitioner.

PER CURIAM: We are dealing with a petition of the Labor Relations Board, under the authority of § 9(2)(c) of the Labor Relations Act, 29 L.P.R.A. § 70(2)(c), requesting us to enforce an arbitration award. Service of notice of said petition was made to respondent through certified mail on July 16, 1971.

Respondent discharged employee Ángel Luis Espinosa as a result of a fight between two of its employees. Complying with what had been agreed upon in the collective bargaining agreement, the Union involved and the employer submitted the matter to arbitration. The submission agreement was in the sense that the arbitrator should determine whether or not the employee's discharge was justified.

The arbitrator concluded that the discharge of the employee was unjustified and ordered that he be reinstated in his employment with a right to back pay as of the date when he was discharged. The employer replaced the employee in his former position but he refused to satisfy the payment provided by the award.

The pertinent collective bargaining agreement provides in subsection "C" of its Art. VII that the arbitrator "shall be empowered to decide in a final and obligatory manner" the matters submitted to him and that in cases of suspensions or discharges the arbitrator, if he determines that the same have been unjustified, shall order the Company to replace the employee with or without back pay.

The arbitrator acted within his powers and the submission agreement is clear. We cannot evaluate the reasoning used by the arbitrator to reach his conclusion. The matter having been properly submitted, as it was, his decision is final. It is proper, then, for us to enforce it. *Beauchamp* v. *Dorado Beach Hotel*, 98 P.R.R. 622 (1970); *Nazario* v. *Superior Court*, 98 P.R.R. 827 (1970); *L.R.B.* v. *Presbyterian Hospital, Inc.*, 96 P.R.R. 557 (1968); *L.R.B.* v. *Executive House, Inc.*, 91 P.R.R. 775 (1965).

The respondent shall be ordered to render effective, within five days after the service of this order, the back pay which the employee Ángel Luis Espinosa should receive by reason of this matter, under pain of contempt of court.

Mr. Chief Justice Negrón Fernández did not participate in the decision of this case.